IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SANDRA McGEORGE**,

        Plaintiff,

vs.                                         No. 1:07-cv-530 MCA/RLP

**THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA,
ALBERT JIRON, and LORRAINE
LUCERO**,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Defendant Albert Jiron's Motion to Dismiss, or Alternatively, Motion for Summary Judgment, on Qualified Immunity Grounds* [Doc. 7], filed September 17, 2007. Having reviewed the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court grants Defendant Jiron's motion and dismisses the claim against him with prejudice for the reasons set forth below.

**I.    BACKGROUND**

    **A.    Factual Background**

Plaintiff Sandra R. McGeorge filed this lawsuit on May 29, 2007, alleging that she applied for a job at Los Alamos National Laboratory ("LANL") and was rejected for employment because of her race and age, though she was exceptionally qualified. The following facts are taken from Ms. McGeorge's *Complaint for Declaratory and Injunctive*

1

*Relief, Monetary Damages and Jury Demand* [Doc. 1].

Ms. McGeorge is an African American woman who was 53 years old at the time of the relevant events. She has over two decades of government contract administration experience and has administered a diverse portfolio of high-dollar contracts throughout her career.

In July 2005, while she was employed on a three-month assignment at Lawrence Berkeley National Laboratory as a principal subcontracts administrator, Ms. McGeorge was contacted by a recruiter from Los Alamos National Laboratory ("LANL").[1] The recruiter had found Ms. McGeorge's resumé on-line and invited her to contact him about a number of senior contract administrator positions with LANL for which he believed she was well qualified.

In August 2005, a second LANL recruiter contacted Ms. McGeorge, who lives in California, and invited her on an expense paid trip to LANL to participate in a recruiting event and to interview for a senior level procurement position. Ms. McGeorge accepted LANL's invitation and traveled to New Mexico for the recruiting event from August 28 through August 30, 2005. Approximately sixteen others were invited to the same event, but Ms. McGeorge was the only African-American woman invited.

On August 29, 2005, Defendant Lorraine Lucero, a LANL group leader and hiring manager, interviewed Ms. McGeorge. Ms. McGeorge believes that her qualifications and

---

[1] Until June 1, 2006, Defendant Regents of the University of California, an instrumentality of the State of California, operated LANL through a contract with the United States Department of Energy.

experience were a good match for the positions for which she interviewed. However, on September 15, 2005, Ms. McGeorge was advised that she would not receive an offer because she was not senior enough.

LANL did hire another individual who had attended the same recruitment event, but who had only three years of contract administration experience. This person was a woman of Puerto Rican origin, at least ten years younger than Ms. McGeorge. Ms. McGeorge believes that LANL's hiring process is subjective, lacks objective criteria, and that the decision not to hire her was discriminatory. She filed an administrative complaint with the Equal Employment Opportunity Commission. She claims that this lawsuit was filed within 90 days of the receipt of a right to sue letter.

Defendant Albert Jiron was the Acting Division Leader for the LANL division in which Ms. McGeorge sought employment. Ms. McGeorge claims "[u]pon information and belief" that "Jiron...had final decisionmaking authority on hiring for the position for which [she] applied" and that he decided not to hire her." [Doc. 1 at 5.] She also claims that "Jiron...intentionally discriminated against [her] because of her race by [his] failure to hire her for any of the fourteen contract administrator positions." [Doc. 1 at 9.] Based upon these allegations, she asserts one claim against Mr. Jiron for deprivation of her Fourteenth Amendment Equal Protection rights in violation of 42 U.S.C. §§ 1981 and 1983. [Doc. 1 at 8–10.]

**B.    Procedural Background**

Ms. McGeorge was represented by counsel at the outset of the litigation. However,

the Court permitted her counsel to withdraw shortly after the instant motion was filed. [Doc. 15.] In the Order permitting counsel to withdraw, the Court instructed Ms. McGeorge that she was "to follow all applicable rules as set forth in the Federal Rules of Civil Procedure and to comply with all deadlines as set forth in the *Initial Scheduling Order*...." [Doc. 15.]

Simultaneously with Mr. Jiron's motion to dismiss/alternative motion for summary judgment, all Defendants moved to stay discovery. [Doc. 10.] Ms. McGeorge, who was proceeding pro se by this time, failed to respond to either motion, and on October 23, 2007, this Court issued an Order to Show Cause, warning Ms. McGeorge of the consequences under the Local Rules of her failure to respond. [Doc. 19.] The Court directed Ms. McGeorge to respond no later than November 9, 2007. [Doc. 19.] To date, Ms. McGeorge has not responded to the Order to Show Cause, nor has she filed a response to Defendant Jiron's qualified immunity motion.

## II.   ANALYSIS

### A.   Standards of Review

Defendant Jiron asserts the defense of qualified immunity and seeks dismissal of the claim against him under Rule 12(b)(6), or alternatively, under Rule 56. The basis for his qualified immunity defense is that he had no personal involvement in the decision to select or reject any candidate, including Ms. McGeorge. He submits an affidavit in support of his Rule 53 motion for summary judgment.

Mr. Jiron has presented evidence outside the pleadings for consideration on summary judgment. The Court relies on that evidence, and therefore will consider his alternative

4

request for relief under Rule 56.  Because Mr. Jiron's motion is alternatively titled "Motion for Summary Judgment" and explicitly seeks summary judgment, the Court is not "converting" the motion under Rule 12(b), but is simply addressing the relief expressly requested.  Inasmuch as Mr. Jiron's motion is expressly titled as a motion for summary judgment and offers materials outside the pleadings, Ms. McGeorge is on notice that Mr. Jiron is seeking summary judgment and thus will not be prejudiced by the treatment of this motion as a motion for summary judgment.

### 1. Fed.R.Civ.P. 56(c)

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when the motion papers, affidavits, and other evidence submitted by the parties show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  A "genuine issue" exists where the evidence before the Court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party as to that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–52 (1986).  An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim.  *Anderson*, 477 U.S. at 248.  Judgment is appropriate as a matter of law if the non-moving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998).

In order to warrant consideration by the Court, the factual materials accompanying a motion for summary judgment must be admissible or usable at trial, although they do not

necessarily need to be presented in a form admissible at trial. *Celotex Corp.*, 477 U.S. at 324; *Wright-Simmons v. City of Okla. City*, 155 F.3d 1264, 1268 (10th Cir. 1998). "To survive summary judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (citation and internal quotation marks omitted).

Apart from these limitations imposed by the Federal Rules of Evidence, it is not the Court's role to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment. Rather, the Court assumes the admissible evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all admissible evidence in the light most favorable to the nonmoving party, and draws all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

When, as here, the non-movant does not file a timely response to a dispositive pretrial motion, the Court may not rely on this fact alone, without further analysis, as the grounds for granting summary judgment in the movant's favor. *Reed v. Bennett*, 312 F.3d 1190, 1193–95 (10th Cir. 2002). In order to reach such a result under this scenario, the Court must either perform the sanctions analysis outlined in *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988), or "make the determination that judgment for the moving party is 'appropriate' under Rule 56." *Reed*, 312 F.3d at 1195.

In this case, the Court relies on the procedure set forth in Fed. R. Civ. P. 56, rather

than the *Meade* sanctions analysis. The Court does ***not*** construe Plaintiff's failure to respond in this manner as an indication of her consent to grant the motion under D.N.M. LR-Civ. P. 7.1(b).

In applying the procedure set forth in Fed. R. Civ. P. 56, however, the Court may consider any undisputed material facts set forth in the motion papers which are deemed admitted by operation of D.N.M. LR-Civ.56.1. *See LaMure v. Mut. Life Ins. Co. of N.Y.*, 106 F.3d 413, 1997 WL 10961, at *1 (10th Cir. 1997) (unpublished disposition); *Smith v. E.N.M. Med. Ctr.*, 72 F.3d 138, 1995 WL 749712, at *4 (10th Cir. 1995) (unpublished disposition). Application of D.N.M. LR-Civ. 56.1 is consistent with the Tenth Circuit's holding in *Reed*, 312 F.3d at 1195, which specifically instructs that the "court should accept as true all material facts asserted and properly supported in the summary judgment motion" under these circumstances. Therefore, the facts gleaned from Defendant Alberto Jiron's affidavit [Doc. 9-2] are undisputed or deemed admitted by virtue of D.N.M. LR-Civ. 56.1.

The Federal Rules of Civil Procedure specifically contemplate the consequences of failing to oppose a summary judgment motion:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). By failing to file a response the nonmoving party waives the right to controvert the facts asserted in the summary judgment motion. *Reed*, 312 F.3d at 1195;

D.N.M.LR-Civ. 56.1(b). The Court should accept as true all material facts asserted and properly supported in the summary judgment motion.

### 2. Qualified Immunity

The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998) (internal quotations omitted). "In the context of a summary judgment motion, to prevail against a qualified immunity defense, the plaintiff must 'come forward with facts or allegations to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the violation occurred.'" *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1026 (10th Cir. 1994) (quoting *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 646 (10th Cir.1988)).

Only if the plaintiff satisfies both elements does the defendant bear the normal burden of the summary judgment movant of showing that no material factual issues remain to defeat his claim of qualified immunity. *Pallottino*, 31 F.3d at 1026) (quoting *Losavio*, 847 F.2d at 646. A plaintiff ordinarily demonstrates that a law is clearly established by showing a Supreme Court or Tenth Circuit decision on point, or that the clearly established weight of authority from other courts has determined the law to be as the plaintiff maintains. *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir.1992); *see also Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (a right is clearly established if the contours of the right

are "sufficiently clear [so] that a reasonable official would understand that what he is doing violates that right.")

### B. ANALYSIS

Mr. Jiron has asserted the defense of qualified immunity. Qualified immunity is available as a defense to claims under both sections 1981 and 1983. *Maldonado v. City of Altus*, 433 F.3d 1294, 1315 (10th Cir. 2006) (*abrogated on other grounds by Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 n.2 (10th Cir. 2006)). The burden thus shifts to Ms. McGeorge to show that Mr. Jiron's alleged conduct violated the law and that the law was clearly established when the violation occurred. Ms. McGeorge has not responded to the motion, she therefore cannot meet her burden.

Even if the Court were to assume that the failure to hire Ms. McGeorge constituted a violation of clearly-established law, Mr. Jiron has submitted competent summary judgment evidence establishing that he had no personal involvement in the decision to reject Ms. McGeorge for employment. "In order to overcome the qualified immunity of a supervisor, a plaintiff must show that the defendant-supervisor took deliberate action in directing the constitutional violation, or had actual knowledge of the constitutional violation and allowed the violation to continue." *DeAnzona v. City & County of Denver*, 222 F.3d 1229, 1234 (10th Cir. 2008) (citing *Jenkins v. Wood*, 81 F.3d 988, 994–95 (10th Cir. 2006)).

Mr. Jiron states in an affidavit that he "was aware of the [recruitment] event in August 2005 and generally kept apprised of its status as it was being organized...[but] was not directly involved in it." [Doc. 9-2, ¶ 5.] He further states that he did not attend the

9

recruitment event [Id., ¶ 6], did not interview any of the candidates that participated in the recruitment event [Id., ¶ 7], did not meet Ms. McGeorge or any of the candidates, except the one that was offered a position at LANL, and he did not meet her until after she was hired [Id., ¶¶ 8, 10], and finally, that he "played no role in the screening of resumes, selection of interviewees or decision to select or reject a candidate from the August 2005 recruitment event." [Id., ¶ 9]. Because Ms. McGeorge has failed to respond, the Court accepts these facts as undisputed.

The Court concludes that Mr. Jiron has properly supported his motion for summary judgment. The undisputed record demonstrates that he is entitled to qualified immunity.

### III. CONCLUSION

For the foregoing reasons, Defendant Albert Jiron is entitled to summary judgment with respect to Plaintiff's claim against him.

**IT IS, THEREFORE, ORDERED** that *Defendant Albert Jiron's Motion to Dismiss, or Alternatively, Motion for Summary Judgment, on Qualified Immunity Grounds* [Doc. 7], filed September 17, 2007, is **GRANTED.**

**IT IS, FURTHER, ORDERED** that all claims against Defendant Albert Jiron are **DISMISSED with prejudice.**

**SO ORDERED** this 29th day of September 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge