IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA McGEORGE,

        Plaintiff,

  vs.                                              No. 1:07-cv-530 MCA/RLP

THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA, et
al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' *Motion to Dismiss Complaint for Failure to Prosecute Case, Failure to Comply with Court Orders and Failure to Comply with the Rules of Civil Procedure* [Doc. 22], filed November 13, 2007. Having reviewed the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion and dismisses the case with prejudice.

**I.    BACKGROUND**

Plaintiff Sandra R. McGeorge filed this lawsuit on May 29, 2007, alleging that she applied for a job at Los Alamos National Laboratory ("LANL") and was rejected for employment because of her race and age. Ms. McGeorge was initially represented by counsel. However, on September 21, 2007, the Court permitted her counsel to withdraw. [Doc. 15.] No new counsel has entered an appearance on her behalf, and Ms. McGeorge has failed to participate in the litigation or pursue her case since her counsel withdrew.

In the Order permitting counsel to withdraw, the Court instructed Ms. McGeorge that she was "to follow all applicable rules as set forth in the Federal Rules of Civil Procedure and to comply with all deadlines as set forth in the *Initial Scheduling Order*...." [Doc. 15.] Nevertheless, Ms. McGeorge failed to participate in a "meet and confer" session with Defendants' counsel as the *Initial Scheduling Order* required her to do no later than October 17, 2007. [Doc. 12.] Furthermore, Defendants claim she failed to respond to their numerous attempts to contact her. [Doc. 18.] As a result of Ms. McGeorge's failure to meet and confer with Defendants, the Joint Status Report and Provisional Discovery Plan ("JSR/PDP") could not be prepared, and the Honorable Richard Puglisi, Magistrate Judge, granted the Defendants' motion to vacate the deadline for submitting the JSR/PDP. [Doc. 20.]

On October 23, 2007, this Court entered an Order to Show Cause by November 9, 2007, why *Defendant Albert Jiron's Motion to Dismiss, or Alternatively, Motion for Summary Judgment, on Qualified Immunity Grounds*, which had been pending since September 17, 2007 without a response from Ms. McGeorge, should not be granted. [Doc. 19.] Ms. McGeorge has never responded to the Order to Show Cause.

Ms. McGeorge also failed to appear at the Scheduling Conference convened by Judge Puglisi on November 7, 2007, though her appearance was required by the Initial Scheduling Order. [Docs. 12, 24.] After Ms. McGeorge failed to appear at the Scheduling Conference, Judge Puglisi granted Defendants' Motion to Stay the case pending a ruling on Defendant Jiron's qualified immunity motion. [Doc. 21.]

Defendants filed the instant motion on November 13, 2007. Ms. McGeorge has failed

2

to respond this motion, as well.

## II.     LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action for "failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court..." Fed.R.Civ.P. 41(b). Courts also have inherent power to dismiss for failure to prosecute. *United States v. Mitchell*, 518 F.3d 740, 749 (10th Cir. 2008). The power to dismiss cases for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)). This power is vested in the courts by virtue of the need "to manage their own affairs so as to achieve the order and expeditious disposition of cases." *Id.* (quoting *Link*, 370 U.S. at 630–31).

With respect to involuntary dismissals under the above authorities, the Tenth Circuit has stated that:

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations and internal quotation marks omitted); *accord Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). In this case, I find that these factors weigh in favor of dismissing all of Ms. McGeorge's remaining claims with prejudice as to all

3

remaining Defendants.[1]

**III.   ANALYSIS**

Turning to the first of the *Ehrenhaus* factors, I find that Ms. McGeorge has repeatedly failed to comply with rules and orders of this Court and that Defendants are unfairly prejudiced by these failures. In this regard, the Court notes that Ms. McGeorge failed to respond to the Order to Show Cause, failed to meet and confer with Defendants as the parties are required to do in preparation for the Scheduling Conference with the Magistrate Judge, and failed to attend the Scheduling Conference itself.

These acts and omissions are unfairly prejudicial to Defendants because they increase cost and delay, and adversely affect Defendants' ability to commence discovery and therefore to defend the case.

Under the second *Ehrenhaus* factor, I must consider the amount of interference with the judicial process that Ms. McGeorge has caused by her acts and omissions, including her failure to file timely written responses to the pending motions to dismiss. This factor weighs strongly in favor of dismissal because the manner in which she has failed to substantially comply with the case-management deadlines imposed by the Court has effectively subverted the pretrial procedure contemplated by Fed. R. Civ. P. 16, D.N.M. LRCiv.16.1. Compliance with such case-management deadlines is necessary to move forward with the litigation.

The third factor to be considered is the culpability of the litigant. While it is true that

---

[1] In a *Memorandum Opinion and Order* entered concurrently herewith, the Court has dismissed all claims against Defendant Albert Jiron.

some of the shortcomings of *pro se* litigants may be attributed to ignorance of court procedures rather than intentional misconduct, in this case the Court has advised Ms. McGeorge of her responsibility to comply with the Rules. *Cf. Ferdick v. Benzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (concluding that district court did not abuse its discretion in dismissing action after *pro se* plaintiff failed to take advantage of court's guidance on how to proceed); *Jones*, 996 F.2d at 265 (similar). She also has had several opportunities to come forward with the merits of her case in response to pending motions, but has failed to do so. Accordingly, I find that Plaintiff's conduct is sufficiently deliberate to support a finding of culpability. I also note that the Court is not holding Plaintiff to a more stringent standard than that applicable to litigants represented by counsel who repeatedly cause delays or fail to comply with case-management deadlines. *See, e.g., Gripe*, 312 F.3d at 1188-89.

Under the fourth *Ehrenhaus* factor, I consider it significant that Ms. McGeorge has failed to participate in the litigation since her attorneys withdrew over one year ago. By virtue of the Court's earlier Order to Show Cause and the two pending motions seeking dismissal of her claims, she should be on notice of the consequences of her failure to participate in the lawsuit and comply with the deadlines imposed by the Court. Accordingly, this factor also weighs in favor of dismissal. *See Ehrenhaus*, 965 F.2d at 921; *Jones*, 996 F.2d at 265.

Finally, the Court considers the efficacy of lesser sanctions and concludes that dismissing Plaintiff's remaining claims with prejudice is the only effective sanction. Imposing a lesser sanction at this juncture, after Ms. McGeorge has failed to prosecute this

case for over a year, would only add to the burden and expense imposed on other litigants without changing the end result of the litigation. For example, the lesser sanction of requiring Plaintiff to pay the Defendants' attorney fees or some other monetary award as a prerequisite for continuing to litigate her remaining claims would not be effective because there is no basis in the record to conclude that this *pro se* Plaintiff would have the ability to pay such an award.

### IV.  CONCLUSION

Applying the above principles, I conclude that this action must be dismissed with prejudice as to all remaining Defendants because of Plaintiff's failure to prosecute this case for more than a year and her repeated non-compliance with the Court's rules and orders.

**IT IS, THEREFORE, ORDERED** that Defendants' *Motion to Dismiss Complaint for Failure to Prosecute Case, Failure to Comply with Court Orders and Failure to Comply with the Rules of Civil Procedure* [Doc. 22], filed November 13, 2007, **is GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** as to all remaining claims and all remaining parties.

**SO ORDERED** this 29th day of September 2008**,** in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge